IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARTIN AKERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-1284 (RDA/LRV) |
| ) | |
| ATTORNEY HAMEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motions for Reconsideration, Dkts. 11; 13. For the reasons that follow, this Court GRANTS-IN-PART and DENIES-IN-PART Plaintiff's Motions.

Plaintiff filed his Complaint on July 25, 2024, against Attorney Hamel and several Unknown State Officers (collectively, the "Defendants"). Dkt. 1 at 2. The Complaint asserted claims under 42 U.S.C. § 1983 and the Fourteenth Amendment for "depriving [him] of [his] constitutional rights to due process under the Fourteenth Amendment . . . [and] den[ying him] a fair hearing, violating [his] right to a fair procedure and access to justice." *Id.* at 4.

On November 13, 2024, pursuant to a district court's authority to review claims under 28 U.S.C. § 1915(e), this Court ordered Plaintiff's Complaint dismissed with prejudice as to all claims against Attorney Hamel, due to prosecutorial immunity, and without prejudice for the remaining Unknown State Officer Defendants. Dkt. 10 at 7. The Order further denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice, to allow Plaintiff to file an amended Application with more complete information as specified in the Order. *Id.*

On the same day, Plaintiff moved for reconsideration. *See* Dkts. 11; 13. In his Motion for Reconsideration of the Court's Order, Plaintiff seeks the Court's reconsideration of the denial of

his Application and the dismissal of his Complaint so that he may amend his Application and Complaint. *See* Dkt. 13 at 4. As stated in the original order, Plaintiff is permitted to amend both his Application and Complaint. *See* Dkt. 10 at 7. Specifically, the Order allowed for Plaintiff to file an amended Application to clarify his spousal income and expenses and remedy any mistakes in the original Application. *See id.* at 4.

With regards to amending his Complaint, as noted in the original Order, it would be futile for Plaintiff to attempt to amend his claims against Attorney Hamel, as Attorney Hamel is immune from suit. *Id.* at 4-5. Plaintiff's Motion for Reconsideration sets no facts or argument suggesting that Attorney Hamel is not immune. Regarding Plaintiff's claims against Unknown State Officer Defendants, the original Order grants Plaintiff leave to amend his claims as to these defendants in order to "name the specific and individual defendant or defendants associated with each claim, [and] also provide facts associated with each claim. This must include the acts of omissions that [Plaintiff] alleges establish each defendant's liability." *Id.* Plaintiff remains able to amend his Complaint with respect to these unidentified defendants.

Insofar as Plaintiff requests specific direction as for how to amend his Application and Complaint, the Court may not advise a plaintiff on what claims to assert. "While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks omitted). The Court cannot draft Plaintiff's complaint for him, nor can it speculate as to the claims he attempts, or should attempt, to bring. *Id.*

In his Motion for Reconsideration of Denial of Injunction, Plaintiff alleges that Plaintiff should be permitted to have a hearing to address the harm caused by Defendants. Dkt. 11 at 1. Plaintiff further alleges that Plaintiff presented evidence of fraud and other violations of state and

federal law. *Id.* at 3. However, as noted in the original Order, Plaintiff failed to state a claim upon which relief may be granted in his Complaint, and thus any motion for preliminary injunction is moot. *See* Dkt. 10 at 7. As established, this Court granted Plaintiff leave by which to amend his Complaint to state a claim. Accordingly, as Plaintiff has not yet filed an amended complaint, Plaintiff's Motion for Reconsideration for Denial of Injunction will be denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Denial of Injunction (Dkt. 11) is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 13) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is granted insofar as Plaintiff is permitted to amend his Application and Complaint as to claims against Unknown State Officer Defendants, as specified in the Court's November 13, 2024 Order (Dkt. 10). The Motion is denied insofar as to Plaintiff seeks reconsideration of his claims against Attorney Hamel for the reasons stated in the November 13, 2024 Order; and it is

**FURTHER ORDERED** that Plaintiff file an amended application and amended complaint within seven (7) days of the date of this Order;[1] and it is

**FURTHER ORDERED** that, if Plaintiff seeks to amend the Complaint, Plaintiff is DIRECTED to file an amended application as indicated and an amended complaint providing a chronological, plain statement of the facts in compliance with Federal Rules of Civil Procedure 8 and 9, within seven (7) days of this Order. If Plaintiff fails to file an amended complaint by that date, then Plaintiff is hereby WARNED that his Complaint may be dismissed for failure to

---

[1] This section is intended to notify Plaintiff that he has seven (7) days remaining on the deadline for amendment set forth in this Court's November 13, 2024 Order. That Order previously provided Plaintiff with fourteen days to amend his Application and Complaint.

prosecute pursuant to Federal Rule of Civil Procedure 41.

    The Clerk is directed to send a copy of this Order to Plaintiff.

    It is SO ORDERED.

Alexandria, Virginia
November 20, 2024

                                                       /s/
                                      Rossie D. Alston, Jr.
                                      United States District Judge